UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIKODI CHIMA,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 25-cv-10294-TSH<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.    INTRODUCTION

Plaintiff Chikodi Chima initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). For the reasons stated below, the Court **GRANTS** the application but finds the complaint deficient under 28 U.S.C. § 1915(e). No later than January 2, 2026, Plaintiff must file a first amended complaint curing the deficiencies identified in this screening order. The Court advises Plaintiff that failure to cure these deficiencies could lead to dismissal of this case.

## II.    BACKGROUND

Plaintiff brings this case against the State of California "through its agencies, including the Judicial Council of California, the Superior Court of California, County of San Francisco, and Doe Agencies 1-10"; the City and County of San Francisco "through its departments, including the San Francisco Sheriff's Office, the San Francisco City Attorney's Office, and Doe Agencies 11-20"; and Callahan, Thompson, Sherman & Caudill, which he describes as a California law corporation. Compl. ¶¶ 6-8, ECF No. 1. He alleges "a pattern of retaliatory harassment, interference with constitutionally protected rights, and obstruction undertaken in response to Plaintiff's protected

activity of filing a federal civil rights lawsuit in the Northern District of California." *Id.* ¶ 1. Specifically, Plaintiff alleges he brought another case in this District, which was dismissed on November 5, 2025. *Id.* ¶ 11. Following dismissal, he alleges "Defendants" took adverse actions against him "because he had engaged in the protected activity of petitioning the federal courts for relief." *Id.* ¶ 12. Plaintiff brings one claim under 42 U.S.C. § 1983 for "First Amendment Retaliation & Denial of Access to Courts." *Id.* ¶¶ 15-20.

### III.   IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filing fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that the listed assets and income are insufficient to enable payment of the fees. Accordingly, the Court **GRANTS** the application to proceed in forma pauperis.

### IV.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.   Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro

2

1    se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned

2    up).  However, the Court "may not supply essential elements of the claim that were not initially

3    pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

4           A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the

5    complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

6    to relief."  Fed. R. Civ. P. 8(a)(2).  The failure to comply with Rule 8 is a basis for dismissal that is

7    not dependent on whether the complaint is without merit.  *McHenry v. Renne*, 84 F.3d 1172, 1179

8    (9th Cir. 1996).  Accordingly, even claims which are not on their face subject to dismissal under

9    Rule 12(b)(6) may still be dismissed for violating Rule 8(a).  *Id.*

## B.   Application

### 1.   Rule 8

In his complaint, Plaintiff refers to "Defendants" without explaining why each named defendant is liable for his claims.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief."  Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct."  *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").  The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit.  *Id.*  Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a).  *Id.*

Plaintiff states in general terms that "Defendants" are liable for his claims, but he does not set forth a short and plain statement showing how each defendant is liable.  Blanket allegations that all defendants assisted the others to perform all alleged violations are not sufficiently specific to place the defendants on notice of the allegations against them.  A plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up).  As currently plead, a putative defendant would not know where to begin in responding.  Thus, to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights that you think the

3

1  defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect
2  each defendant with the alleged wrongdoing, including the dates, the names of people involved, and
3  what those people did to you; (3) how you were harmed; and (4) what relief you seek.

    2. **42 U.S.C. § 1983**

42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271, (1994) (internal quotation marks omitted). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a person violated a right secured by the Constitution or laws of the United States and (2) that said person acted under the color of state law when they committed the alleged violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id*. at 1036.

Here, as discussed above, Plaintiff has not set forth facts showing how each defendant is liable under § 1983. In addition, it is not clear he can bring such a claim against at least some of the named defendants.

    a. **California Defendants**

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Under the Eleventh Amendment, "a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state." *In re Mitchell*, 209 F.3d 1111, 1115–16 (9th Cir. 2000). The amendment bars suits by citizens against a state, *see Hans v. Louisiana*, 134 U.S. 1, 15 (1890), by citizens against state agencies, *see Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982), and by citizens "against state officials when the state is the real, substantial party in

4

interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). The Eleventh Amendment applies to bar claims under § 1983 against the State of California. *See Dittman v. State of California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court" and "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (internal citations omitted).

Thus, if Plaintiff seeks to bring claims against the State of California "through its agencies, including the Judicial Council of California, the Superior Court of California, County of San Francisco, and Doe Agencies 1-10," he must establish the authority under which this Court has jurisdiction to hear such claims.

### b. Private Actors

"[M]ost rights secured by the Constitution are protected only against infringement by governments," so "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982) (internal quotation marks omitted). Thus, a plaintiff seeking to challenge a private party's conduct under § 1983 must show that "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State," meaning that the private party's conduct is "state action." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013) (quoting *Lugar*, 457 U.S. at 936-37). If the conduct "is not so attributable, then there is no 'state action' and no violation." *Ohno*, 723 F.3d at 993. Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974), *cert. denied*, 421 U.S. 949 (1975). For such private conduct the wrongdoer faces potential liability in state courts, but a federal action would not lie under § 1983. *Id.* As such, if Plaintiff seeks to bring a § 1983 claim against private actors, he must plausibly allege their conduct is "state action."

### V. CONCLUSION

For the reasons above, the Court **GRANTS** the application to proceed in forma pauperis but finds the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, given the pro se status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not

5

1  be cured by amendment, the Court shall grant Plaintiff the opportunity to file an amended
2  complaint.  Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint by January 2,
3  2026.

### A.      Requirements for Amended Complaint

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (25-cv-10294-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**
> In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.
>
> **Statement of Facts**
> Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.
>
> **Claims**
> Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.      Assistance for Self-Represented Litigants**

The Court encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: December 2, 2025

THOMAS S. HIXSON
United States Magistrate Judge