United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHIKODI CHIMA,

            Plaintiff,

    v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

            Defendants.

Case No. 25-cv-10294-TSH

**REPORT & RECOMMENDATION**

Re: Dkt. No. 11

## I.     INTRODUCTION

On December 2, 2025, the Court granted Plaintiff Chikodi Chima's application to proceed in forma pauperis and screened the initial complaint, finding it deficient under 28 U.S.C. § 1915(e). ECF No. 4. After Plaintiff filed a First Amended Complaint, the Court engaged in a preliminary screening and directed the U.S. Marshal to serve it upon the two named defendants, the City and County of San Francisco and Callahan, Thompson, Sherman & Caudill. ECF Nos. 6, 7. Plaintiff has now filed a Second Amended Complaint, naming an additional 24 defendants.[1] ECF No. 11.

For the reasons stated below, the undersigned finds the second amended complaint fails to state a claim on which relief may be granted, as it is at its core a domestic relations dispute subject to abstention. As not all parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), the Court requests this case be reassigned to a district judge and **RECOMMENDS** the

---

[1] As a preliminary matter, Federal Rule of Civil Procedure 15(a)(1) allows amendment only once as a matter of course. Any further amendment requires either written consent of the opposing party or leave of court under Rule 15(a)(2). As Plaintiff did not seek leave to file a second amended complaint, it should be stricken. However, given Plaintiff's pro se status, the Court shall permit his amended pleading.

complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

## II.    BACKGROUND

Plaintiff brought his initial complaint against the State of California "through its agencies, including the Judicial Council of California, the Superior Court of California, County of San Francisco, and Doe Agencies 1-10"; the City and County of San Francisco "through its departments, including the San Francisco Sheriff's Office, the San Francisco City Attorney's Office, and Doe Agencies 11-20"; and Callahan, Thompson, Sherman & Caudill.  Compl. ¶¶ 6-8, ECF No. 1.  He alleged "a pattern of retaliatory harassment, interference with constitutionally protected rights, and obstruction undertaken in response to Plaintiff's protected activity of filing a federal civil rights lawsuit in the Northern District of California." *Id.* ¶ 1.  Specifically, Plaintiff alleged he brought another case in this District, *Chima v. Perkins*, No. 25-CV-06385-CRB, which was dismissed on November 5, 2025. *Id.* ¶ 11.  Following dismissal, he alleges "Defendants" took adverse actions against him "because he had engaged in the protected activity of petitioning the federal courts for relief." *Id.* ¶ 12.  Plaintiff brought one claim under 42 U.S.C. § 1983 for "First Amendment Retaliation & Denial of Access to Courts." *Id.* ¶¶ 15-20.

The Court screened Plaintiff's complaint on December 2, 2025, noting several issues.  ECF No. 4.  First, the complaint failed to comply with Federal Rule of Civil Procedure 8 because Plaintiff alleged in general terms that "Defendants" are liable for his claims, but he did not set forth a short and plain statement showing how each defendant is liable.  Second, the Court noted the Eleventh Amendment likely barred his claims against the California defendants.  Third, the Court noted Plaintiff sought to bring a § 1983 claim against private actors, but he had not plausibly alleged their conduct was "state action." *Id.*

In his First Amended Complaint, filed on December 12, 2025, Plaintiff named only two Defendants: City and County of San Francisco and Callahan, Thompson, Sherman & Caudill.  ECF No. 6.  After screening the amended complaint, the Court directed the U.S. Marshal to serve it upon the two named defendants.  One week later, Plaintiff filed his second amended complaint, naming 26 defendants: City and County of San Franciso; Callahan, Thompson, Sherman & Caudill; Rick Sheinfield; the Regents of the University of California; Benjamin Minkow; Rachel

United States District Court
Northern District of California

2

Nosowsky; Greata Schnetzler; Sydney Rae Gressel; Healthright 360, Fred Finch Youth Center; Security National Insurance Company; Amtrust Financial Services, Inc.; Aaron Gary Buchbinder; Eric Schnurpfeil; Bold, Polsner, Nelson, Maddow & Judson; Sharon Margaret Nagle; Greenlight Financial Technology; Cristin Morneau Bretzin; Charles Enterprise Group, LLC; Isaac Safier; the Law Offices of Rebecca Feigelson; Rebecca Feigelson; the Law Offices of Jim Reilly; Jim Reilly; Worldwide Wellness, Inc.; and Dr. Stephine Michael Stewart.

Plaintiff now alleges that on May 19, 2025, he filed a motion to strike in his family law case alleging "i. misuse of professional credentials; ii. subornation of perjury; and iii. undisclosed conflicts of interest, each of which materially distorted the factual record and directly influenced custody determinations." Sec. Am. Compl. at 2.  Specifically, Plaintiff alleges the San Francisco Superior Court:

> i.  maintained a materially defective record by refusing to correct statutory and factual defects, including the omission of mandatory Family Court Services mediation under Family Code §§ 3170–3171;
>
> ii. relied upon and preserved a non-existent appellate decision (*Brentwood Country Club* (1997) 76 Cal.App.3d 252, 258.) as governing authority to extinguish contempt and modify custody; and
>
> iii. foreclosed Plaintiff's statutory right to challenge fraudulent or misleading testimony presented by licensed professionals and affiliated declarants

*Id.*  He contends the superior court and other "aligned actors" named as defendants "escalated retaliatory measures designed to suppress his efforts to correct the record," including:

> i.  manipulated service pathways and jurisdictional barriers inconsistent with the Court's own electronic court filing platform (File & ServeXpress) and contractual obligations;
>
> ii. procedural destabilization through contradictory minute orders, unexplained judicial reassignments, and shifting process signals;
>
> iii. asymmetric access to judicial information, including the selective dissemination of confidential tentative rulings to unauthorized recipients;
>
> iv. cross-departmental and administrative actions by clerks, the Sheriff's Department, and other court-adjacent agencies reinforcing the same obstructive trajectory; and
>
> v. the initiation of simultaneous vexatious-litigant proceedings, which functioned to reframe Plaintiff's lawful attempts to correct fraud as

United States District Court
Northern District of California

3

abuse of process once the Court declined to remedy intrinsic defects.

*Id.* at 3.  Plaintiff alleges "this pattern reveals a coordinated 'Law Complex': a constellation of state, quasi-state, and private actors whose intertwined roles and common objectives served to preserve a defective record and foreclose lawful corrective remedies.  *Id.*  As a result of these harms, Plaintiff alleges "the loss of custody-related rights, parental decision-making authority, and legally cognizable interests in family integrity." *Id.* at 17.  Plaintiff emphasizes he "does not seek to overturn, invalidate, or relitigate any judicial determination," instead framing his suit as seeking vindication of federal rights while identifying injuries tied to "custody-related rights." *Id.* at 17-18.

### III.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

#### A.    Legal Standard

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted).  The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up).  However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

4

**B.     Application**

As noted above, Plaintiff previously brought a similar case in this District.  *See Chima v. Perkins*, No. 25-cv-06385-CRB.  In that case, he sued 88 defendants—including his former spouse, her counsel, individuals who submitted statements in support of his former spouse, judges of the San Francisco Superior Court, social workers, police, financial and insurance companies, the State Bar of California, the Medical Board of California, the San Francisco Unified School District, the City and County of San Francisco, and others—in connection with the same child custody litigation in state court.  *Id.*, ECF No. 12.  The Court dismissed 25-cv-06385 without leave to amend, finding "it is at its core a domestic relations dispute subject to abstention."  *Id.*, ECF No. 21; *Chima v. Perkins,* 2025 WL 3182071, at \*1 (N.D. Cal. Nov. 5, 2025).

In his second amended complaint in this case, the same holds true.  As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction").  The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees."  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction).  Even where parties "do not seek divorce, alimony, or child custody," federal courts may still abstain in cases "involving elements of the domestic relationship."  *Id.* at 705 (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)).  Thus, abstention is appropriate where "domestic relations problems are involved tangentially to other issues determinative of the case."  *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982); *see also Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (Federal courts must follow the "abstention doctrine under which federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife.").  Abstention is specifically appropriate in a case which, "while raising constitutional issues, is at its core a child custody dispute."  *Coats*, 819 F.2d at 237; *see also Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174 (1988) ("Even when a federal question is presented, federal

United States District Court
Northern District of California

courts decline to hear disputes which would deeply involve them in adjudicating domestic matters.").

As summarized above, Plaintiff's second amended complaint once again raises the same conspiracy theories related to child custody proceedings, alleging the named defendants conspired to retaliate against him and suppress his efforts to correct the record in those proceedings. This "coordinated 'Law Complex'" led to loss and impairment of "custody-related rights, parental decision-making authority, and legally cognizable interests in family integrity." Sec. Am. Compl. at 3, 17. Further, as the court found in Plaintiff's earlier case, even where a complaint brings section 1983 claims, and even where it alleges "a massive conspiracy," if it is essentially about a custody dispute, it is subject to the domestic relations exception. *Chima,* 2025 WL 3182071, at *3 (quoting *Caetano v. Santa Clara County*, 2002 WL 1677723, at *5 (N.D. Cal. July 19, 2002)).[2]

Plaintiff emphasizes he "does not seek to overturn, invalidate, or relitigate any judicial determination, but instead seeks to vindicate the denial of rights guaranteed under the United States Constitution and federal law, and to recover for injuries caused by Defendants' independent racketeering and retaliatory conduct." Sec. Am. Compl. at 18. But he concedes the claims arise from "his family law matter" and "custody determinations." *Id.* at 2. He raised this same argument in his previous case, but the court held the proper place to bring such challenges was in California courts, not federal court. *Chima,* 2025 WL 3182071, at *4 (citing *Caetano*, 2002 WL 1677723, at *6).

Plaintiff's second amended complaint makes clear that this case, like his previous one, is at its core a domestic relations dispute. As such, the undersigned finds the Court is without jurisdiction over Plaintiff's claims and "repleading will not cure the deficiencies in the complaint. When it is absolutely clear that the deficiencies in a complaint cannot be overcome by amendment, the court need not provide an opportunity to amend." *Caetano*, 2002 WL 1677723, at *6 (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990);

[2] On Westlaw, the case is called *Cartano v. Santa Clara County*, but the order itself refers to the plaintiff as "Caetano," as does the PACER (Public Access to Court Electronic Records) website. The undersigned thus refers to the case as "*Caetano*" in this report and recommendation.

United States District Court
Northern District of California

*Chima,* 2025 WL 3182071, at *4. Accordingly, the undersigned recommends the Court dismiss Plaintiff's claims without leave to amend.

### IV.   CONCLUSION

Based on the analysis above, the undersigned **RECOMMENDS** Plaintiff's complaint be **DISMISSED WITHOUT LEAVE TO AMEND**. Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

The Court reminds Plaintiff that he may wish to seek assistance from the Legal Help Center, a free service offered by the Bar Association of San Francisco where he can speak with an attorney who may be able to provide basic legal help but not representation. He may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of a case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: December 22, 2025

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

7