IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIKODI CHIMA,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>            Defendants. | Case No. 25-cv-10294-CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE** |

The Court has been here before. On November 5, 2025, the Court adopted a report and recommendation from Magistrate Judge Thomas S. Hixson dismissing a case brought by pro se plaintiff Chikodi Chima. Chima v. Perkins, 2025 WL 3182071, at *1 (N.D. Cal. Nov. 5, 2025). There, he brought a suit against 88 defendants arising out of a custody litigation in state court based on an alleged conspiracy against him. Id. And the Court dismissed the case without leave to amend under the principle of abstention in domestic relations cases. Id.

Nevertheless, Chima again sues 26 defendants (many the same as before)—including lawyers, law firms, individuals who submitted statements in support of his former spouse, social workers, police, financial and insurance companies, the City and County of San Francisco, and others—in connection with the same custody litigation in state court. See SAC (dkt. 11). Judge Hixson screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e) and issued a Report and Recommendation ("R&R") concluding that the complaint failed to state a claim on which relief could be granted. See R&R (dkt. 12). Again, Judge Hixson recommended that the complaint be dismissed

without leave to amend based on abstention principles. Id. at 1–2. Chima filed a timely objection to the R&R. See Obj. (dkt. 15).

The Court has carefully reviewed the relevant materials and finds the R&R to be thorough, correct, and well-reasoned—functionally the same grounds as before. The R&R concluded that the complaint should "be dismissed because it is at its core a domestic relations dispute subject to abstention." R&R at 5 (quoting Chima, 2025 WL 3182071 at *1). The domestic relations exception applies to cases that "while raising constitutional issues, [are at their] core [] child custody dispute[s]." R&R at 3–4 (quoting Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987)). Even where a complaint brings section 1983 and section 1981 claims, and even where it alleges "a massive conspiracy by judges, legislators, attorneys, and a court psychologist," if it is essentially about a custody dispute, it is subject to the domestic relations exception. See R&R at 4–5 (quoting Caetano v. Santa Clara County, No. C-02-1191 PJH, 2002 WL 1677723, at *5 (N.D. Cal. July 19, 2002)).

Just like last time, Chima concedes that his wide-reaching conspiracy claims arise from a "family law matter and custody determinations." Obj. at 2. Indeed, Chima's conspiracy is centered on an alleged scheme to commit fraud against him by presenting false evidence and testimony in his state proceedings. See SAC ¶¶ 36–49. Accordingly, the Court agrees with Judge Hixson that "the proper place to bring [Chima's] challenges [is] in California courts, not federal court." R&R at 6. Just because Chima included claims that could be actionable between other private parties does not take the complaint outside of the domestic relations exception. See Csibi v. Fustos, 670 F.2d 134, 138 (9th Cir. 1982) (holding even where the complaint included a tort claim for wrongful interference with inheritance that "the primary issue is still the marital status" and that if a party could escape the domestic relations exception "by pleading an independent tort," then "a clever pleader" could bring "child and spousal support matters . . . into federal court."). Nor does the inclusion of additional individuals mean that the case is not at its core about the child custody dispute. See, e.g., Soto v. Child Protective Services, No. 21-

cv-04570-EMC (JSC), 2021 WL 3610324, at *2 (N.D. Cal. June 23, 2021) (holding—where plaintiff alleged "that she was denied access to the court proceedings wherein her parental rights were terminated, that evidence in those proceedings was falsified, and that she was 'cut off' from the process," and that she was "mistreated and abused by the entire legal system," and sued Child Protective Services, the Sonoma County Superior Court, and four individuals—that the domestic relations exception applied).

In an effort to avoid this outcome, Chima asserts that he is completely barred from pursuing his concerns in state court. Obj. at 4. To support his argument, Chima points to a letter by Brandon Riley, the San Francisco County Superior Court's Chief Executive Officer, that purportedly demonstrates he was "physically blocked from accessing the courthouse." Id. at 2. It does no such thing. In that letter, Riley simply notes that the administrative office of the court "does not have oversight of complaints involving the San Francisco Sheriff's Office or its deputies." Id. Ex. A. Riley advised Chima to "direct [his] complaint to the San Francisco Sheriff's Office." Id. The letter says nothing about Chima being unable to physically access the courthouse or pursue litigation there. It merely explains that the court's administrative office does not manage complaints about individual sheriffs. The letter also fails to mention an inability to remedy harm from all the other defendants listed in the case. Accordingly, Chima is not left without a state forum and abstention is appropriate.[1]

//
//

---

[1] Chima also points to Riley's letter as a basis for permitting amendment of his pleadings, as it demonstrates he was "denied any forum in which to adjudicate constitutional violations arising from the use of state judiciary machinery." Obj. at 4–5. But the Court agrees with Judge Hixson that "repleading will not cure the deficiencies in the complaint" and the letter does not demonstrate a lack of a state forum. See R&R at 6.

1    Because the R&R correctly concluded that the complaint "is at its core a domestic
2 relations dispute," see R&R at 6, the Court ADOPTS the R&R in all respects.  The case is
3 DISMISSED without leave to amend but also without prejudice to Mr. Chima bringing suit
4 in an appropriate forum.

5    **IT IS SO ORDERED.**

6    Dated: January 6, 2026

CHARLES R. BREYER
United States District Judge